# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * | * | |
| GAYANE DIANA KARAPETIAN, | * | |
| | * | No. 19-546V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: May 9, 2022 |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' fees and costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * | * | |

Amy A. Senerth, Muller Brazil, LLP, Dresher, PA, for Petitioner;
Heather L. Pearlman, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

    Gayane Karapetian prevailed in her claim brought in the National Childhood Vaccine Injury Compensation Program. She is now seeking an award for attorneys' fees and costs. She is awarded **$27,900.45**.

    \*     \*     \*

    Represented by attorney Amy Senerth, Ms. Karapetian filed her petition on April 12, 2019, alleging that a Tetanus-Diphtheria-acellular pertussis ("Tdap") vaccine caused her to suffer from Guillain-Barré Syndrome ("GBS"). After the Secretary found the evidence insufficient to support this claim, Ms. Karapetian

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

retained an expert witness, neurologist Frederick Nahm, to file a report. Dr. Nahm wrote such a report. After discussions, the parties resolved this case. The parties submitted a stipulation that a decision incorporated. Decision, 2021 WL 1120974 (Mar. 2, 2021).

On June 9, 2021, Ms. Karapetian filed a motion for an award of attorneys' fees and costs. The motion seeks a total of $29,400.45 comprised of $16,228.00 in attorneys' fees and $13,172.45 in attorneys' costs. Ms. Karapetian did not incur any costs.

The Secretary filed a response to Ms. Karapetian's motion. The Secretary represented that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp., filed June 9, 2021, at 2. With respect to amount, the Secretary recommended "that the [special master] exercise [his] discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3.

This matter is now ripe for adjudication.

\*   \*   \*

Because Ms. Karapetian received compensation, she is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the unresolved question is what is a reasonable amount of attorneys' fees and costs?

**I.     Attorneys' Fees**

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Hum. Servs. 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Hum. Servs., 139 Fed. Cl. 238 (2018).

A.   Reasonable Hourly Rate

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. See Blum, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Id. at 895 n.11. A petitioner's counsel in the Vaccine Program is paid the forum rate unless the bulk of the work is performed in a locale other than the forum (District of Columbia) and the local rate is significantly lower than the forum rate. Avera, 515 F.3d at 1349. If these two requirements are met, the Davis County exception applies, and petitioner's counsel is paid according to the local rate to avoid a "windfall." Id.; see Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency, 169 F.3d 755, 757–60 (D.C. Cir. 1999).

For cases in which forum rates apply, McCulloch provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. McCulloch v. Sec'y of Health & Hum. Servs., No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), mot. for recons. denied, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the McCulloch rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, 2020, and 2021 can be accessed online.[2]

Ms. Karapetian requests compensation for attorney Amy Senerth (and attorney Max Muller, to a lesser extent), as well as paralegals who assisted them. Ms. Senerth has charged $250 per hour in 2019, $275 per hour in 2020, and $300 per hour in 2021. Mr. Muller charged $325 per hour in 2019 and $375 per hour in 2021 for his brief contributions. The paralegal rates varied over the years, ranging from $125 per hour to $165 per hour. These rates are reasonable. Christensen v. Sec'y of Health & Hum. Servs., No. 18-1477V, 2022 WL 1055528 (Fed. Cl. Spec.

---

[2] The 2015–2016, 2017, 2018, 2019, 2020, 2021 and 2022 Fee Schedules can be accessed at: https://www.uscfc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in McCulloch, 2015 WL 5634323.

Mstr. Mar. 14, 2022); Gauthier v. Sec'y of Health & Hum. Servs., No. 18-753V, 2022 WL 1087444 (Fed. Cl. Spec. Mstr. Mar. 23, 2022).

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The attorneys' and paralegals' entries describe the activities with sufficient detail that the reasonableness of the work may be assessed. Due to the fulsome descriptions in the timesheets and the overall reasonableness of the activities, only minimal adjustments are required.

The attorneys charged a few hours that involved detailed reviews of the medical records, which should have been billed at paralegal rates. When an attorney does the work of a paralegal or administrative assistant, he or she should be paid a rate commensurate with the nature of the work. See Valdes v. Sec'y of Health & Hum. Servs., 89 Fed. Cl. 415, 425 (2009) (noting that "the Special Master exercised appropriate discretion in denying requested costs for work performed by Petitioner's counsel's associate" when the special master determined "that the associate's time spent obtaining medical records was more consistent with paralegal duties."). Additionally, some paralegals charged for time spent filing documents or Bates stamping exhibits. These activities should not be charged at all. Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989); Bennett v. Dep't of Navy, 699 F.2d 1140, 1145 n.5 (Fed. Cir. 1983); Guy v. Sec'y of Health & Hum. Servs., 38 Fed. Cl. 403, 407-08 (1997). Accordingly, to accomplish rough justice, the undersigned will reduce Ms. Karapetian's fees award by $1,250.

For these reasons, Ms. Karapetian is awarded $14,728.00 in attorneys' fees.

## II. Costs

In addition to seeking an award for attorneys' fees, Ms. Karapetian seeks compensation for costs expended, totaling $13,172.45. The costs for routine items, such as medical records and the filing fee are reasonable. Ms. Karapetian is awarded these costs ($505.78) in full.

The balance ($12,666.67) is for the work of Dr. Nahm. His invoice presents a reasonable hourly rate ($500 per hour) and a reasonable number of hours. <u>Gibson v. Sec'y of Health & Hum. Servs.</u>, No. 18-263V, 2021 WL 1010729 (Fed. Cl. Spec. Mstr. Feb. 23, 2021).

For these reasons, Ms. Karapetian is awarded the amount requested in attorneys' costs, $13,172.45.

\*   \*   \*

The Vaccine Act permits an award of reasonable attorneys' fees and costs. §15(e). The undersigned finds $27,900.45 ($14,728.00 in fees and $13,172.45 in costs) to be a reasonable amount for all attorneys' fees and costs incurred. The undersigned GRANTS the petitioner's motion and awards $27,900.45 in attorneys' fees and costs. This shall be paid as follows:

**A lump sum of $27,900.45 in the form of a check made payable to petitioner and petitioner's attorney, Amy Senerth, of Muller Brazil, LLP, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

<u>S/Christian J. Moran</u>
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.